[No. 21238. Department One. January 3, 1929.]

J. T. HANSEN, *Respondent*, v. COOK INLET PACKING COMPANY, *Appellant*.[1]

*Wettrick & Wettrick,* for appellant.
*Oliver Hulback,* for respondent.

HOLCOMB, J.—The issues in this case are disclosed by a summary of the pleadings and findings.

In his complaint respondent set forth his cause of action, based upon an oral agreement for services, entered into by the parties in March, 1925. In addition to the claim for services rendered, amounting to twenty-five hundred dollars, there is a claim for goods furnished amounting to three hundred dollars, the latter representing an alleged half interest in old lumber and gas tanks owned by him and W. A. Estus, president of appellant.

Appellant answered, denying that respondent was entitled to twenty-five hundred dollars for wages and three hundred dollars for goods, or any other sum in excess of a reasonable wage for services such as respondent rendered, estimated at nine hundred dollars, twenty-five dollars for the old lumber and twelve dollars and fifty cents for gas tanks, which sums for

[1] Reported in 273 Pac. 200.

lumber and gas tanks were tendered and refused. The latter two sums represented the alleged investment of respondent in those articles.

The affirmative defense sets up that in March, 1925, respondent desired to purchase a one-third interest in appellant corporation by the purchase of approximately one-third of its stock, and that, until he made good his purchase, he should work for the company in whatever capacity his experience fitted him for, the amount of compensation to be determined by a mutual agreement after the season; that respondent did not make good his purchase and in the month of December, long after the canning season closed, he again desired to purchase such interest, appellant still agreeing, but respondent's purchase depended upon the sale of stock in another corporation; further, that on the basis of his purchase of stock in appellant company, he was to be allowed credit for twenty-five hundred dollars on account of wages to be applied on his stock purchase; that thereafter respondent, being unable to sell his securities, determined he could not make good his purchase of one-third interest in appellant, whereupon appellant tendered him compensation in cash upon the basis of a reasonable wage for the class of service rendered, that is, at the rate of one hundred fifty dollars per month, amounting to nine hundred dollars, together with board and traveling expenses, which appellant had already paid, which respondent refused to accept.

Respondent replied and joined issue with the affirmative allegations of appellant's answer, admitted the oral agreement to purchase stock in appellant company and that the compensation for services was to be determined after that fishing season was over, but denied that such compensation was to be influenced by respondent becoming a stockholder in the

corporation; and further alleged that, although respondent, in accordance with the oral agreement between himself and Estus, as general manager of appellant, offered to purchase the one-third of the stock as agreed, upon his return from the fishing ground, Estus then and thereafter refused to permit respondent to purchase more than one-seventh of the stock, which respondent refused.

After a trial without a jury, the court made findings of fact sustaining the allegations of respondent's complaint and the affirmative allegations of his reply, and further found that, in addition to the salary of twenty-five hundred dollars agreed upon as compensation for the services, respondent was entitled to certain other items, including the gas tanks and lumber, amounting in all to two thousand nine hundred twenty-one dollars and twenty-five cents; that appellant was entitled to deductions, for moneys paid to or on behalf of respondent, in the total sum of one thousand thirty-one dollars and thirty-three cents, leaving a balance due respondent in the sum of one thousand eight hundred eighty-nine dollars and ninety-two cents, for which respondent was entitled to judgment. Judgment was accordingly entered therefor in favor of respondent.

Upon appeal the only questions at issue are matters of fact, as to what the parties agreed and did.

The trial court, having heard the evidence, seen the witnesses, and judged of their credibility, was in a better position to determine the facts than are we.

At any rate, there was ample evidence to support the findings if the trial court believed respondent and disbelieved appellant's witness Estus, president, principal owner and general manager of appellant, and a bookkeeper of appellant. The evidence included an entry in the books of appellant, inconsistent with its contention, which appellant attempted to deny or ex-

plain, neither to the satisfaction of the trial court, nor ours.

There being no preponderance in the record against the findings of the trial court, under our oft-repeated rule, we are unable to disturb the findings and judgment.

Affirmed.

FULLERTON, C. J., BEALS, TOLMAN, and MITCHELL, JJ., concur.